GEORGE LEWIS *versus* HENRY WARREN *& al.*

As to the rule of the common law, which required that judgment in an action upon a bond shall be for the penal sum named, and the modifications of it by various statutes.

In this State there is now no existing statute which authorizes a judgment in an action of debt upon bonds, &c., differing from the common law rule, unless poor debtor's bonds, in certain cases, are exceptions.

In an action on a replevin bond, in which the penalty is more than 'twenty dollars, if the damages assessed be less than that sum, the plaintiff will have full costs, although the action was not commenced before a justice of the peace.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

THIS was an action upon a replevin bond. The writ in the replevin suit was quashed, there being only one surety in the bond. Judgment was rendered for a return of the property. A writ of return was issued, upon which the property replevied was taken and delivered to the plaintiff. The issue which the jury tried in this action was,

whether the property replevied was returned in as good condition as when taken.   The verdict was for the plaintiff, and the damages were assessed at one cent.

A question as to costs arose, the defendant contending that, as the plaintiff had finally recovered a sum less than twenty dollars as damages, the action should have been commenced before a justice of the peace ; and that, by the statute, he was entitled to only one quarter of the damages as costs.

The presiding Judge allowed the plaintiff his full costs, as claimed and taxed by him.

The defendant excepted.

*Folsom,* for plaintiff.

*Stewart,* for defendant.

The opinion of the Court was drawn up by

RICE, J. — The action of debt is the usual remedy by the common law for the recovery of a sum certain.   And, in an action of debt for covenant broken, the amount of the plaintiff's recovery was the penalty ; nor could the action be relieved against by either payment or tender ; no defence would avail but a release under seal.   And this severe rule of the common law was only mitigated by the practice of the Courts of Chancery, which interposed and would not allow a man to take more than in conscience he ought.   2 Black. Com., c. 20, p. 34 ; Sedgwick on Dam., 412.

This severe rule has been modified by statute regulation in England, which, however, it is not necessary to review at this time.

The subject attracted the attention of the Legislature, in this country, at an early day.

In c. 189, of the Province laws, Anc't Chart., 499, in an Act for the hearing and determining cases in equity, it was provided that, when any action shall be brought and prosecuted on any bond, or other specialty, with penalties, for the payment of sums of money, performance of covenants,

contracts, agreements, matters or things to be done at several times, and the plaintiff recover the forfeiture of such penalty, the Court shall enter up judgment for the whole amount of such forfeiture, and award execution only for so much of the debt or damage as is due or sustained at that time, so always that the said judgment shall stand and be a security to the plaintiff, his executors and administrators, for any further and after payments or damages he or they may have a just right to, by the non-performance or breach of the covenants, &c.

This provision, in nearly the same words, is found re-enacted in Massachusetts, in c. 77, § 6, laws of 1798, and in Act of March 1, 1799, § 6; also, in this State, in laws of 1821, c. 50, § 3.

The object of all these enactments evidently was to authorize the Courts to relieve against the severe penalties of the common law rule, by the exercise of chancery powers, as had been done by the Court of Chancery in England.

By c. 463 of the laws of 1830, it was provided that, in actions on a certain class of bonds, &c., the judgment should be as before, that is, for the penalty, but the jury, instead of the Court, should ascertain, by their verdict, the amount of damages sustained by the breach of the conditions of the bond or covenant, and for which sum execution should issue.

By c. 497, laws of 1831, chancery powers were conferred on the S. J. Court, in cases of recognizances, similar to those before conferred in cases of bonds and other specialties.

Chapter 366 of the laws of 1839 had reference solely to poor debtor bonds given on execution, and provided that, if the verdict be for the plaintiff, judgment shall be rendered thereon, without regard to the penalty of the bond, and, if in the opinion of the jury the plaintiff had sustained no damage, their verdict was to be for the defendant, notwithstanding there may have been in law a breach of the conditions of the bond.

This provision is substantially incorporated in c. 115, § 78,

Lewis *v.* Warren.

of the R. S., of 1841, and is believed to be the only case in which a *judgment* on bonds or penal sums is authorized to be entered except for the penalty of the bond.

By the last part of § 78, c. 115, the jury were authorized to estimate the damages the plaintiff had sustained, in all actions upon any bond or penal sum in which the conditions were different from those mentioned in the first part of the same section, and also in all actions in the S. J. Court, on a recognizance entered into in .the District Court, to prosecute an appeal with effect, if they should find that the conditions .in any such bond, penal sum, or recognizance have been broken; but in all those cases the *judgment* was to be entered for the penal sum, and execution to issue for the damages assumed, with costs.

The Act of 1842, c. 31, § 9, took from the jury the right to assess damages in all the cases referred to in the last part of § 78, c. 115, R. S., 1841, except bonds and penal sums, "conditioned for the performance of covenants and agree-. ments," and recognizances entered into in the District Court, &c., but in no respect changed the character of the judgments to be rendered.

The R. S. of 1857, c. 82, § 27, leaves the matter as it stood under the statute of 1842.

At the present time, there is no existing statute in this State, authorizing a judgment in an action of debt on bonds, &c., differing from the common law rule, except in cases of poor debtors, if, indeed, under the provisions of § 48, c. 113, that be an exception.

The power of the Court to grant relief in chancery, in this class of cases, is to be found in c. 77, § 8, clause second, R. S., 1857.

It is further contended that, inasmuch as the plaintiff did not recover more than twenty dollars, the action should have been brought before a justice of the peace.

By the provisions of c. 151, § 13, of the R. S. of 1841, and § 97, of c. 82, R. S. of 1857, if, in any action originally brought before the Supreme Judicial Court, it shall ap-

pear, on *rendition* of *judgment,* that the action should have been brought before a justice of the peace, &c., quarter costs only can be recovered.

Whether an action ought to have been so brought is ordinarily to be determined by the amount of the judgment. *Lawrence* v. *Lord,* 44 Maine, 427.

The judgment in this case must be for the amount of the penalty in the bond, and, that being more than twenty dollars, the plaintiff is entitled to full costs.

*Exceptions overruled.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.